**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| CHAMBERS OF<br>DEBORAH L. BOARDMAN<br>UNITED STATES MAGISTRATE<br>JUDGE | 101 WEST LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>(410) 962-7810<br>Fax: (410) 962-2577<br>MDD_DLBChambers@mdd.uscourts.gov |

April 22, 2021

LETTER TO THE PARTIES

    RE:   *Elma L. v. Saul*
            Civil No. DLB-20-388

Dear Plaintiff and Counsel:

      On February 13, 2020, plaintiff, proceeding *pro se*, petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). ECF 1. The Commissioner answered the complaint by filing the Administrative Transcript ("Tr."), at which point plaintiff's motion for summary judgment became due on August 4, 2020. *See* ECF 13. Plaintiff did not file a motion for summary judgment before the filing deadline, so this Court sent her an order directing plaintiff to file some statement that she intended to proceed with her case by October 21, 2020. ECF 15. Plaintiff did file a notice indicating her intent to proceed with her case, ECF 16, and I treated this notice as her motion for summary judgment. ECF 17; *see* Pl.'s Mem., ECF 18. The Commissioner filed his cross-motion for summary judgment. Def.'s Mem., ECF 20. I find no hearing necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold a decision of the SSA supported by substantial evidence and reached through application of the correct legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny the SSA's motion and remand the case to the SSA for further evaluation pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

      Plaintiff filed her DIB claim on November 8, 2016, and her SSI claim on November 18, 2016, alleging in each a disability onset date of February 4, 2016. Tr. 268–80. Her claim was denied initially and on reconsideration. Tr. 102-05, 109-10. An Administrative Law Judge ("ALJ") held a hearing on February 13, 2019. Tr. 39–83. Following that hearing, the ALJ determined plaintiff was not disabled under the Social Security Act during the relevant time frame. Tr. 13–31. Because the Appeals Council denied plaintiff's request for review, the ALJ's decision constitutes the final, reviewable decision of the SSA. Tr.1–3; *see Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); 20 C.F.R. § 422.210(a).

      The ALJ found plaintiff severely impaired by "obesity, left rotator cuff tear status post surgical repair, sciatica, bilateral carpal tunnel syndrome status post left release surgery, obstructive sleep apnea, bilateral knee osteoarthritis[,] and depressive disorder." Tr. 19. Despite

*Elma L. v. Saul*
Civil No. DLB-20-388
April 22, 2021
Page 2

these impairments, the ALJ determined plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except no climbing of ladders, ropes or scaffolds, occasional climbing of ramps and stairs, stooping, kneeling, crouching, crawling[,] and balancing.  Frequent reaching, handling[,] and fingering.  No exposure to hazards, such as dangerous machinery or unprotected heights. The claimant is limited to performing simple, routine tasks, but can apply commonsense understanding to carry out detailed but uninvolved instructions.  No production-rate work, as in an assembly line, where each job task must be completed within strict time periods. The claimant is limited to making simple work[-]related decisions.  Time off task during the workday can be accommodated by normal breaks.

Tr. 22.  After considering the testimony of a vocational expert ("VE"), the ALJ determined plaintiff could not perform her past relevant work as a stock clerk of "cashier II" but could perform other jobs existing in significant numbers in the national economy.  Tr. 29–31.  Accordingly, the ALJ concluded that plaintiff was not disabled.  Tr. 23.

I have carefully reviewed the ALJ's opinion and the entire record.  *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the SSA's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings).

In this case, the ALJ found at step five of the sequential analysis that plaintiff was not disabled.  Tr. 30–31.  Yet, the ALJ's decision contains an unresolved apparent conflict between the VE's testimony and Dictionary of Occupational Titles ("DOT") with respect to all three of the occupations the VE identified.  *See Pearson v. Colvin*, 810 F.3d 204 (4th Cir. 2015).  Because I find the ALJ's step-five determination is unsupported by substantial evidence, remand is necessary.

An ALJ must identify apparent conflicts between the DOT and the VE's testimony.  Social Security Ruling ("SSR") 00-4p, 2000 WL 1898704 (Dec. 4, 2000); *Pearson*, 810 F.3d at 209.  This affirmative duty extends to those conflicts in which "the [VE's] testimony seems to, but does not necessarily, conflict with the [DOT]."  *Pearson*, 810 F.3d at 209.  The ALJ "has not fulfilled his affirmative duty merely because the [VE] responds 'yes' when asked if her testimony is consistent with the [DOT]." *Id.* at 208 (internal quotation marks omitted) (internal citations omitted).

In this case, the VE identified three occupations she believed within plaintiff's capabilities: document preparer, DOT 249.587-018, 1991 WL 672349 (2016); call out operator, DOT 237.367-014, 1991 WL 6272186 (2016); and charge account clerk, DOT 205.367-014, 1991 WL 671715 (2016).  Tr. 76–78; *see* Tr. 30–31.  Each of these occupations, according to the DOT, requires General Educational Development ("GED") Reasoning level three.  DOT 249.587-018; DOT

*Elma L. v. Saul*
Civil No. DLB-20-388
April 22, 2021
Page 3

237.367-04; DOT 205.367-014.  Jobs requiring GED Reasoning level three may require claimants to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form . . . [and] [d]eal with problems involving several concrete variables in or from standardized situations."  DOT, App'x C, 1991 WL 688702.

But the ALJ determined plaintiff's RFC was confined to, in relevant part, "apply[ing] commonsense understanding to carry out detailed but uninvolved instructions."  Tr. 22.  This limitation reflects GED Reasoning level two, which specifically indicates a job at that level may require claimants to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions . . . [and] [d]eal with problems involving a few concrete variables in or from standardized situations."  DOT, App'x C, 1991 WL 688702 (2016); *see Keller v. Berryhill*, 754 Fed. App'x 193, 197 (4th Cir. 2018) ("Reasoning Development Level 2 . . . is more demanding than Level 1 but less demanding than Level 3 . . . .").  Thus, plaintiff's RFC limitation is a verbatim statement of the first part of GED Reasoning level two, and that limitation suggests jobs requiring GED Reasoning level three may be beyond her capabilities.

At step five, the ALJ relied upon the VE's testimony that plaintiff could perform these three occupations to find plaintiff was not disabled.  Tr. 30–31.  Though the ALJ wrote in the decision that "[p]ursuant to SSR 00-4p, [he] ha[d] determined that the vocational expert's testimony is consistent with the information contained in the [DOT]," the ALJ neither identified the conflict nor elicited a reasonable explanation from the VE as to how the GED Reasoning requirements of these three occupations did not actually conflict with plaintiff's RFC.  *See* Tr. 30–31, 74–82 (documenting the VE's identification of these three jobs, which was followed immediately by: "[ALJ:] And was your testimony consistent with the [DOT]? [VE]: Yes, [y]our Honor, it is"); *see Pearson*, 810 F.3d at 208 ("[SSR 00-4p] require[s] that the ALJ undertake exactly these responsibilities.  First, the ALJ must '[a]sk the [VE] . . . if the evidence he or she has provided conflicts with the information provided in the [DOT];' and second, '[i]f the [VE's] . . . evidence appears to conflict with the [DOT],' the ALJ must 'obtain a reasonable explanation for the apparent conflict.'  Notably, this second requirement is so independent of the first that it does not rest on the [VE's] identification of a conflict.").

"An ALJ has not fully developed the record if it contains an unresolved conflict between the expert's testimony and the [DOT].  Nor has the ALJ fulfilled this duty if he ignored an apparent conflict because the expert testified that no conflict existed."  *Pearson*, 810 F.3d at 210.  Without an explanation for the VE's testimony, the ALJ is without a reasonable basis for relying on the testimony.  *Id.* at 211.  Thus, "that testimony cannot provide substantial evidence for a denial of benefits."  *Id.*  This Court may not affirm an ALJ's decision where the denial is not supported by substantial evidence.  *See Patterson v. Cmm'r, Soc. Sec. Admin.*, 846 F.3d 656, 658 (4th Cir. 2017).  Accordingly, remand is necessary.

In light of the ALJ's failure to support his step-five finding with substantial evidence, I need not address whether the remainder of the ALJ's analysis complied with the relevant legal standards.  In ordering remand for further consideration by the SSA, I express no opinion as to plaintiff's ultimate entitlement to benefits.

*Elma L. v. Saul*
Civil No. DLB-20-388
April 22, 2021
Page 4

      Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

                                          Sincerely yours,

                                             /s/

                                        Deborah L. Boardman
                                        United States Magistrate Judge